**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT<br>OF JUDICIAL MISCONDUCT | Nos. 08-89000,<br>08-90159,<br>08-90160,<br>08-90161,<br>08-90162,<br>08-90163,<br>08-90164,<br>08-90165,<br>08-90166,<br>08-90167,<br>08-90168,<br>08-90169,<br>08-90223,<br>08-90224,<br>08-90225,<br>08-90226,<br>08-90227,<br>08-90228,<br>08-90229<br>and<br>08-90230<br>ORDER |

Filed September 30, 2010

Before: Procter Hug, Jr., Sidney R. Thomas,
M. Margaret McKeown, Ronald M. Gould and
Johnnie B. Rawlinson, Circuit Judges, Audrey B. Collins,
Irma E. Gonzalez and Roger L. Hunt, Chief District Judges,
and Terry J. Hatter, Jr. and Robert H. Whaley,
District Judges.

16623

## ORDER

Pursuant to Article V of the Rules for Judicial-Conduct and Judicial-Disability Proceedings under 28 U.S.C. § 352(c), complainant has filed a petition for review of the order of Circuit Judge Reinhardt,[1] entered on November 25, 2009, dismissing his complaints against nineteen federal judges.

We have carefully reviewed the record and the authorities cited by Circuit Judge Reinhardt in the order of dismissal. We conclude there is no basis for overturning the order of dismissal. In his petition for review, complainant contends that the Ninth Circuit had no jurisdiction over his misconduct complaints, and that the Judicial Council should have transferred them to another circuit. This Circuit did not transfer his complaints pursuant to Judicial-Conduct Rule 25, nor were the complaints reassigned pursuant to Judicial-Conduct Rule 26. The complaints, which name 19 federal judges and various claims were not sufficiently related to a complaint transferred to another circuit, which named just one judge and included a narrower scope of claims. Thus, the complaints were properly decided in this Circuit and should not have been transferred.

Further, complainant argues that Circuit Judge Reinhardt should have recused himself from considering these misconduct complaints. A judge's decision to hear a case rather than to recuse is merits-related and the Judicial Council, an administrative body, does not review the correctness of a judge's decisions. *See* 28 U.S.C. § 352(b)(1)(A)(iii); *see also Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice: Standard 2 for Assessing Compliance with the Act* at pp. 145-46 (2006). Further, complainant has not provided evidence to support his bias allegations. *See* 28 U.S.C. § 352(b)(1)(A)(iii).

---

[1] The complaints were assigned to Circuit Judge Stephen Reinhardt pursuant to 28 U.S.C. § 351(c).

For the reasons stated by Circuit Judge Reinhardt and based upon the controlling authority cited in support thereof, we affirm.

On January 25, 2010, the Judicial Council issued an Order to Show Cause requiring complainant, an attorney, to explain why sanctions were not warranted for filing frivolous claims, in part as an admitted litigation tactic. As stated in the Judicial Council's Order, complainant knew that "sanctions may be warranted if a complaint is either frivolous or is submitted for an improper purpose." *See In re Complaint of Judicial Misconduct,* No. 08-89000+ at p. 2 (9th Cir. Jud. Council 2010) (*citing See In re Complaint of Judicial Misconduct*, 550 F.3d 769 (9th Cir. 2008)). In complainant's response, he continues to challenge this Circuit's jurisdiction over these matters, reiterates his allegations of misconduct, and otherwise inadequately responds to the show cause order.

An attorney filing a frivolous misconduct complaint diminishes the effectiveness of our system of justice, and also may have an adverse effect on the random assignment of judges who may feel compelled to recuse even in light of unfounded allegations. *See In re Complaint of Judicial Misconduct*, 550 F.3d 76 (9th Cir. Jud. Council 2008). We conclude that both a public reprimand and a pre-filing order are appropriate sanctions for this abuse of the misconduct complaint procedure. This order is not grounded on nor do we take a position on whether complainant may have violated 28 U.S.C. § 360. This published order will constitute a public reprimand of Cyrus Sanai in the form of a published opinion in West's Federal Reporter. The Clerk shall also serve this order on the State Bar of California, 1149 S. Hill Street, Los Angeles, CA, 90015-2219, to consider appropriate disciplinary action.

Further, we hereby direct the Clerk to enter the following pre-filing review order:

*Pre-Filing Review Order*

(1) This pre-filing review order shall apply to all misconduct complaints or petitions for review filed by complainant that relate to this matter.

(2) Any future misconduct complaint filed by complainant shall comply with the requirements of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, and shall contain the following sentence in capital letters "THIS COMPLAINT/PETITION IS FILED SUBJECT TO PRE-FILING REVIEW ORDER Nos. 08-89000, 08-90159, 08-90160, 08-90161, 08-90162, 08-90163, 08-90164, 08-90165, 08-90166, 08-90167, 08-90168, 08-90169, 08-90223, 08-90224, 08-90225, 08-90226, 08-90227, 08-90228, 08-90229 and 08-90230" in the caption of the complaint or petition.

(3) If complainant's future misconduct complaints are submitted in compliance with this order, the Clerk shall lodge the complaint or petition and accompanying documents. The Clerk shall not file the complaint or petition until the complainant's submission is reviewed and a determination is made as to whether it merits further review and should be filed.

(4) This pre-filing review order shall remain in effect until further order of the Judicial Council. Complainant may, no earlier than September 1, 2012, petition the court to lift this pre-filing review order, setting forth the reasons why the order should be lifted.

Complainant's failure to comply with the order shall result in any new complaints that he seeks to file being dismissed or not being filed and other sanctions being levied, as the Council may deem appropriate.